UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

F'EL PAGAN,

Plaintiff,

-against-

THE CITY OF NEW YORK; DESTINATION TOMORROW, INC.; JACKLYN WEBB; JOHN AND JANE DOES 1-10,

Defendants.

26-CV-10053 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff F'el Pagan brings this *pro se* action under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and the New York State and New York City Human Rights Laws. He alleges that he currently resides at Ace's Place, which he states is "the only shelter in New York City designated for transgender, non-binary and gender nonconforming ('TGNC') adults," and is located in Queens County. (ECF No. 1, at ¶ 1.) Plaintiff asserts that he gave testimony in a pending state-court case "to enforce the City's 2021 settlement promising safe shelter for TGNC people," and since that time, Defendants—who operate or oversee Ace's Place—have sought to retaliate against him by securing his transfer out of Ace's Place and into a shelter that does not exclusively serve TGNC people. (*Id.* at ¶¶ 2-4.) Named as Defendants are: (1) the City of New York; (2) Destination Tomorrow, Inc.; (3) Jacklyn Webb; and (4) John and Jane Does 1-10. Plaintiff also filed an application seeking a temporary restraining order and preliminary injunction. (ECF Nos. 3-5.)

For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

It is not clear whether this district is a proper venue for this action under Section 1391(b)(1) because Plaintiff does not allege the domicile of Defendant Webb. Moreover, this district is not a proper venue under Section 1391(b)(2) because Plaintiff does not allege that a substantial portion of the events giving rise to his claim occurred within this district. By contrast, the Eastern District of New York—which encompasses Queens, Kings, Richmond, Nassau, and Suffolk Counties, *see* 28 U.S.C. § 112(c)—is clearly a proper venue for this action under Section 1391(b)(2), as Plaintiff alleges that a substantial portion of the events underlying his claim occurred in Queens County.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Queens County, where Plaintiff and most Defendants appear to reside and where it is reasonable to expect that all relevant documents and witnesses also would be found. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York.[1] 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. This Court leaves for the transferee court the determinations of whether Plaintiff should be permitted to proceed without prepayment of fees

[1] The Court notes that another plaintiff who resides at Ace's Place filed a substantially similar complaint in this court, making similar allegations of retaliation after participating in the state-court litigation described above. *See Define v. City of New York*, No. 26-CV-10052 (LTS) (S.D.N.Y., complaint filed Nov. 13, 2026). On November 19, 2026, this Court issued an order directing the transfer of that action to the Eastern District of New York.

and whether he is entitled to preliminary relief. A summons shall not issue from this court. This order closes this case in this court.

In light of Plaintiff's request for preliminary relief, the Court waives Local Rule Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case. The Clerk of Court is directed to immediately transfer this action to the Eastern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 19, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge